O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 07-5772 PSG (SHx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | Cynthia Cozart v. Target Corp., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                      Not Present

**Proceedings:**     (In Chambers) Order DENYING Defendant's Motion in Limine No. 4

Pending before this Court is Defendant's Motion in Limine No. 4 to exclude evidence of Plaintiff's loss of earnings claim. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendant's Motion.

I.    BACKGROUND

Cynthia Cozart ("Plaintiff") alleges that due to injuries sustained at Target ("Defendant")'s store on May 15, 2005, she was, among other things, unable to return to work as a construction worker and sustained lost earnings. Jury trial in this case is set to begin on September 26, 2008. Defendant filed its motion in limine No. 4 to exclude evidence of and reference to Plaintiff's loss of earnings claim on June 27, 2008. Plaintiff filed opposition on July 17, 2008. Defendant filed a supplement to its motion in limine No. 4 on August 8, 2008, and Plaintiff filed its supplemental opposition on August 29, 2008. Defendant argues that Plaintiff should be judicially estopped from asserting her lost earnings claim based on her prior workers' compensation claims that resulted in favorable settlements.

II.    LEGAL STANDARD

Federal law governs the application of judicial estoppel in federal court in diversity cases. *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 604 (9th Cir. 1996). "Judicial estoppel is an equitable doctrine that precludes a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 07-5772 PSG (SHx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | Cynthia Cozart v. Target Corp., *et al.* | | |

*Nat'l Rural Telecomms. Coop. v. DirectTV, Inc.*, 319 F. Supp. 2d 1040, 1048 (C.D. Cal. 2003) (citation omitted). The Ninth Circuit, as well as other courts, has determined that the doctrine also applies when the prior proceeding was administrative rather than judicial. *See id.* at 604.

### III. DISCUSSION

Defendant seeks to preclude Plaintiff from making a claim for loss of earnings based on an inability to work as a construction worker because of injuries allegedly suffered at Target on May 15, 2005. (Supplement to Motion in Limine No. 4, hereinafter "Supp.," 3:14-28.) Plaintiff claims that she was unable to work at all from September 30, 2005 until March 30, 2006. (Mot. 3:9-11.) Since then, she has been placed on "light duty" and has been unable to fully function at her job. (*Id.* at 3:14-15.) Defendant argues that Plaintiff should be judicially estopped from asserting her claim for lost earnings because Plaintiff was already found to be permanently disabled in workers' compensation actions brought in 1997 and 2004. (Supp. 3:10-14, 4:5-8.)

In *Rissetto v. Plumbers and Steamfitters Local 343*, the Ninth Circuit held that obtaining a favorable settlement in a workers' compensation claim is equivalent to winning a judgment for the purposes of applying judicial estoppel. 94 F.3d at 604-05. Plaintiff apparently does not dispute the applicability of the doctrine here, but rather contends that Defendant's argument rests on an incorrect interpretation of the workers' compensation documents. (*See* Opp. 2:3-6.)

*1997 Compromise & Release*

In 1997, Plaintiff entered into a compromise and release ("C&R") in a workers' compensation claim against her employer, *Cynthia Cozart v. Dillingham Construction, et al.*, WCAB Case No. SFO 0384420. There, Plaintiff asserted that she sustained injury to both legs and her neck while working as a pile driver on May 23, 1994. (Ex. A, p.13.) According to the C&R—which states that it covered the periods of injury listed therein—the only periods Plaintiff could not work as a result of that injury were July 4, 1994 through August 23, 1994 and January 8, 1995 through April 29, 1995. (*See* Ex. A., p.13-14.)

"While the doctrine of judicial estoppel serves the important purpose of preventing manipulative parties from prevailing twice on opposite theories in certain circumstances, it may not be used to hamstring a litigant from advancing a particular position when this position is not clearly inconsistent with a prior position." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 528 (7th Cir. 1999). Some courts have described the essential inquiry as "whether a litigant has played fast and loose with the court" by taking inconsistent positions.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 07-5772 PSG (SHx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | Cynthia Cozart v. Target Corp., *et al.* | | |

*Yanez v. United States*, 989 F.2d. 323, 326 (9th Cir. 1993). In *Rissetto*, the plaintiff had obtained a favorable workers' compensation settlement based on her assertion that she was totally unable to work. 94 F.3d at 600. The insurer agreed to pay temporary total disability benefits from January 28, 1991 until March 30, 1993. *Id.* On February April 23, 1991, the plaintiff sued her employer for age discrimination. *Id.* at 598. The plaintiff asserted in that lawsuit that she had been performing her job adequately and that her employer had cut her work shifts down to one or two days a week because of age discrimination, not her physical inability to work. *Id.* at 605. The Court held that the plaintiff was judicially estopped from arguing in the discrimination suit that she was performing her job adequately, since in her workers' compensation action she had obtained money based on an assertion that she was totally unable to work. *Id.*

The situation in *Rissetto*, however, is not entirely analogous to Plaintiff's claims here. In *Rissetto*, the plaintiff filed his age discrimination suit during a period covered by the workers' compensation settlement, when he was still receiving disability payments. Therefore, his claims were plainly inconsistent. Here, the 1997 C&R only covered discrete periods in 1994 and 1995 - more than ten years before she filed the present lawsuit. Furthermore, based on the evidence before the court, it is not clear that Plaintiff ever claimed that she was "permanently disabled" in connection with the 1997 C&R. Asserting that she could not return to work for a brief period of time more than ten years ago is not "clearly inconsistent" with the claim that Plaintiff seeks to assert in the present lawsuit. Therefore, the 1997 C&R does not estop Plaintiff from bringing a lost earnings claim.

*1998 Addendum*

The 1998 Addendum to the 1997 C&R appears to cover the same injury covered by the 1997 C&R. (*See* Ex. C, p. 16.) It lists the same date of injury, although Plaintiff's occupation is now designated as "carpenter," rather than "piledriver." (*See id.*) Plaintiff explains that the purpose of the 1998 Addendum was to settle a claim unrelated to her 1997 workers' compensation claim against the same employer. The Addendum lists "S&W/132a" in lieu of an injury. (*See id.*) This settlement apparently dealt with a Cal. Labor Code § 132a claim for illegal discrimination. (*See* Ex. C, p.18.)

However, the 1998 Addendum also contains a paragraph which states: "Plaintiff acknowledges and stipulates that her medical limitations are such that she cannot return to the employ of Dillingham Construction." (Ex. C., p. 19.) Plaintiff argues that this was because "there was no love for plaintiff by Dillingham" as a result of her § 132a claim. The Court finds the more logical interpretation to be that advanced by Defendant: Plaintiff could not work as a

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 07-5772 PSG (SHx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | Cynthia Cozart v. Target Corp., *et al.* | | |

carpenter/piledriver at Dillingham any longer because of her injuries.

However, based on the evidence before the Court, it is still difficult to determine whether Plaintiff asserted that she was permanently disabled in connection with the 1997-98 settlements. For instance, it is not clear why, if Plaintiff stipulated in 1998 that she could not return to work at Dillingham because of a disability, the 1997 C&R only covered listed discrete periods during which Plaintiff could not return to work.  The relationship between the claims in the 1997 C&R and the 1998 Addendum is not entirely clear.  Furthermore, perhaps Dillingham was simply unwilling to continue to employ Plaintiff based on her medical limitations.  Alternatively, Dillingham might not have had positions that would enable Plaintiff to do lighter work, whereas Plaintiff may have been able to find a suitable position at another construction company. (Indeed, apparently she did, since she was later injured while working as a carpenter.)  There is simply not enough information before the Court to conclude with certainty that Plaintiff is "playing fast and loose" or that she asserted a claim that was "clearly inconsistent" with her allegations in this lawsuit.

*2004 Compromise & Release*

On June 4, 2004, Plaintiff entered into a C&R in another workers' compensation action, *Cynthia Cozart v. Morley Group, Inc., et al.*, WCAB Case No. GRO 29414.  The 2004 C&R indicates that Plaintiff suffered injuries to her left wrist and right elbow while working as a carpenter/welder on September 2, 2002. (Ex. J, p. 9.)  The C&R also indicates that Plaintiff had not yet returned to work because of the injuries and that Plaintiff received compensation for permanent disability.  (*Id.*)  An addendum to the 2004 C&R states that Plaintiff and her employer disputed the "nature and extent of temporary disability and/or permanent disability, if any" and that the parties resolved the dispute at a permanent disability rating of 36%.  (Ex. J, p. 11.)

Again, the Court has only the settlement documents before it, and no evidence of Plaintiff's actual claims in connection with the most recent workers' compensation action. Defendant also submitted a medical report completed by Michael J. Berman. (Ex. L.)  Although there is no indication of the report's relevance to the 2004 C&R on the face of the C&R, Plaintiff has indicated that the entire medical record was incorporated by reference into the Court's order approving the settlement. (Supp. Opp. 2:10-11.)  The medical report states that Plaintiff could not return to her usual occupation, although she could perform another line of work.  (*See* Ex. L, p. 19.)

Based on the evidence submitted, the C&R appears to constitute an administrative

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 07-5772 PSG (SHx) | Date | September 19, 2008 |
|---|---|---|---|
| Title | Cynthia Cozart v. Target Corp., *et al.* | | |

determination that Plaintiff had suffered permanent injuries to her left wrist and right elbow which prevented her from returning her to work as a carpenter or welder. This is not equivalent to the outcome in *Rissetto*, where the plaintiff obtained a favorable workers' compensation settlement based on her assertion that she was totally unable to work. 94 F.3d at 600. Here, there is no evidence before the Court which indicates that Plaintiff claimed in 2004 that she was totally unable to work again.

Consequently, the Court is unable to conclude that Plaintiff is asserting a position in this lawsuit which is "clearly inconsistent" with the one taken in the most recent workers' compensation action. Judicial estoppel is an equitable doctrine, and Plaintiff's past claim that she suffered permanent injuries to her wrist and elbow should not bar her, as Defendant would have it, from making any personal injury claims involving lost earnings for the rest of her life.

IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine No. 4 is hereby DENIED.

**IT IS SO ORDERED.**

AB FOR WH